UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:24-cv-00438-SDM-AEP

| | |
|---|---|
| CLARK CHAMBERLIN, by and through TODD CHAMBERLIN and KELLI CHAMBERLIN, *on behalf of themselves and all others similarly situated*,<br><br>        Plaintiffs,<br>v.<br><br>BOSTON FINANCE GROUP, LLC, et al.,<br><br>        Defendants. | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION TO STAY THIS ACTION**

Plaintiffs, Clark Chamberlin by and through Todd Chamberlin and Kelli Chamberlin, individually and for the putative Class, hereby respond in opposition to Defendants' Motion to Stay This Action, Dkt. 29 ("Motion" or "Mot."), and in support state as follows:

I.   **Introduction**

Defendants,[1] excluding Defendant, American Momentum Bank, incorrectly move this Court to stay this Action on account of a Chapter 11 bankruptcy proceeding filed by a non-party to this Action. They ignore that

---

[1] Defendants, Boston Finance Group, LLC ("BFG"), Boston Asset Management, Inc., Prospect Funding Holdings, LLC, Prospect Funding Partners, LLC, Prospect Funding Holdings (NY) III, Leo Govoni, John W. Staunton, and Jonathan Golden.

1

Plaintiffs' claims against Defendants do not implicate the 11 U.S.C. § 362 automatic stay because the bankrupt debtor, The Center for Special Needs Trust Administration, Inc. ("Center"), is a non-party; the misappropriated trust funds at issue in this case are not part of the Center's bankruptcy estate; and Plaintiffs' claims arising from the misappropriation of those funds do not involve any interest of the Center in property but rather, arise from direct harms to Plaintiffs' assets held for their benefit in trust. Defendants have not moved to enforce the automatic stay in the Center's bankruptcy, nor would they have a viable basis to do so.

Whatever bankruptcy claims Plaintiffs and the putative Class Members may assert against the Center through the bankruptcy claims process do not require nor justify staying this Action asserting numerous tort and non-contract claims against Defendants. Currently, the Center has not moved to claim this Action is impacted by the automatic stay and, as discussed herein, there is no factual basis to support a stay. Even if Plaintiffs' claims implicated the automatic stay (they do not), absent the Center taking a contrary position in the bankruptcy proceeding, there can be no basis to enter any stay under § 362. The bankruptcy court should decide the issue if it is ever raised in that forum. Acknowledging that the bankruptcy court has exclusive jurisdiction, Defendants are transparent in requesting the stay to allow the Chapter 11 trustee to request a bankruptcy

2

court determination as to whether the claims asserted in this Action are the debtor's property, without any evidence that such a request will ever be made.

As a result of the misappropriation of over $100,000,000.00 in special needs trust ("SNT") funds, the putative Class Members, some of the most vulnerable members of our society, have been left without a means of much-needed financial support beyond the public assistance they require and receive.  This Action seeks to remedy this harm by asserting Plaintiffs' and Class Members' direct claims against the individuals and entities that directly caused their injuries; it does not seek any relief from the bankrupt debtor. As their recently filed Amended Class Action Complaint re-confirms (Dkt. 33), Plaintiffs are not suing to enforce the purported loan between the Center and BFG. Instead, at the time the Motion was filed, Plaintiffs had filed the following direct claims: Conversion (Count I), Breach of Fiduciary Duty (Counts II and III), Aiding and Abetting Breach of Fiduciary Duty (Counts IV and V), Negligence (Counts VI and VII), and Violation of the Fraudulent Transfer Act (Count VIII), Unjust Enrichment (Counts IX and X), and Declaratory Relief—Alter Ego (Count XI) ("Class Claims"). Litigation in this Action should proceed.

## II.   Legal Standard

While this Court has discretion to enter a stay of proceedings to control the disposition of cases on its docket, that power is not "mitigated or obviated by

§362(a)." *Omnipol, A.S., et al. v. Multinational Defense Serv., LCC, et al.*, No. 8:19-cv-794-T-33TGW, 2019 WL 4891398, at *1 (M.D. Fla. June 3, 2019).

> Whether a proceeding should be stayed "is based on a balancing test in which the movant bears the burden of showing either 'a clear case of hardship or inequity' if the case proceeds, or little possibility the stay will harm others." *Dunn v. Air Line Pilots Ass'n*, 836 F. Supp. 1574, 1584 (S.D. Fla. 1993) (quoting *Landis* [*v. North Am. Co.*, 299 U.S. 428, 254-55 (1936)]). "[C]ourts examine general factors such as whether a stay will unduly prejudice or tactically disadvantage the non-moving party; simplify the issues and streamline trial; and reduce the burden of litigation on the parties and on the court." *Brent v. Source Interlink Distrib., LLC*, No. 2:14-cv–52–FtM–38DNF, 2014 WL 4162770, at *2 (M.D. Fla. Aug. 21, 2014).
>
> . . . .
>
> Under Section 362, a debtor's filing of a **bankruptcy** petition operates as an automatic **stay** of the commencement or continuation of a previously commenced judicial proceeding against the debtor. *Ellison v. Nw. Eng'g Co.*, 707 F.2d 1310, 1311 (11th Cir. 1983) (citing 11 U.S.C. § 362(a)(1)). "The clear language of Section 362, however, only **stays** the action automatically against a debtor." *Jerome v. Hertz Corp.*, No. 2:12–cv–610–FtM–38DNF, 2013 WL 6815907, at *1 (S.D. Fla. Dec. 24, 2013) (citations omitted).

*Id.* at *1-2. *See also In re Stillwater Asset Backed Offshore Fund Ltd.*, 565 B.R. 42, 46–47 (S.D.N.Y. 2017), *aff'd*, 729 F. App'x 69 (2d Cir. 2018) (stay "applies only to debtors, property of the debtor, or property of the estate, and does not apply to stay proceedings against non-debtors.") (citation omitted). As this Court did in *Omnipol*, the Court should deny the stay Defendants' request because the debtor,

4

the Center, is not a party to this Action. *Id.* at *1-3.

### III. The Class Action Does Not Implicate the Automatic Stay.

A fair review of the Class Action Complaint and the Amended Class Action Complaint shows the Class Claims do not violate the stay. For one, Plaintiffs do not bring their Class Claims against the Center but rather, against (a) Govoni, Staunton, and Golden, individually; (b) Boston Finance Group, LLC ("BFG"); (c) Boston Asset Management, LLC; (d) Fiduciary Tax & Accounting Services, LLC; (e) BFG, Govoni, Staunton, and Golden's alter ego entities and subsequent transferees of stolen SNT funds, Boston Holding Company, LLC; Prospect Funding Holdings, LLC; Prospect Funding Partners, LLC; and Prospect (NY) Funding Holdings III, LLC; and (f) American Momentum Bank. Notably, American Momentum Bank has not sought to stay this Action, recognizing that direct claims are being pursued.

#### a. The Class Action Asserts no Claim Against the Center.

The Class Claims do not allege or seek relief for wrongdoing by the Center. Instead, Plaintiffs allege each Defendant's independent conduct and direct breaches of duties that directly harmed Plaintiffs' and Class Members' property, for which damages are sought in this proceeding.  As with the non-debtor in *Omnipol*, this Action seeks to hold responsible those who misappropriated the SNT assets of Plaintiffs and Class Members. 2019 WL 4891398, at *2. Similar to

the non-debtor in *Omnipol*, Defendants' Motion concedes it is for the bankruptcy court to decide if there is a violation of the automatic stay. *Id.;* Mot. at 6 ("This Court Should Stay this Action to Permit the Bankruptcy Court to Determine Whether the Claims Asserted by Plaintiffs in the Class Action Complaint Are Property of the Debtor's Bankruptcy Estate."). But such a ruling is only needed if a motion is filed in the bankruptcy case alleging any claim in this Action violates the bankruptcy stay. *Omnipol*, 2019 WL 4891398, at *2 (unless and until the bankruptcy court makes this determination, the automatic stay does not apply to the non-debtor defendants in this action).

The Center's bankruptcy filings to date all cast the Defendants as acting independent from the Center. Thus, as the Class Claims do not require a finding of the Center's "independent liability," they are not subject to the automatic bankruptcy stay. *In re Xenerga, Inc.*, 449 B.R. 594, 600 (Bankr. M.D. Fla. 2011). And the Motion does not even attempt to allege an "unusual circumstance" to support a stay. *See Omnipol*, 2019 WL 4891398 at *2 (noting example of where judgment against third party defendant will in effect be a judgment or finding against the debtor). No unusual circumstances exist here on which Defendants could base undue burden or prejudice if required to defend this Action. Instead, Plaintiffs and the putative Class Members would be unduly prejudiced and tactically disadvantaged by the requested stay with no pending effort by anyone

interested in the bankruptcy proceeding seeking to stay this Action. *Id.* at *2.

    b. <u>**The Class Action Involves no Property of the Center.**</u>

"If property is not property of the estate, then the automatic stay does not protect it." *Singer Furniture Acquisition Corp. v. SSMC, Inc. N.V.*, 254 B.R. 46, 56 (M.D. Fla. 2000). The misappropriated SNT funds are not, and were never, "property of the estate" or "property of the debtor" and thus, the automatic stay does not apply to the Class Claims arising from the misappropriation of SNT assets.

The Bankruptcy Code makes clear that property of the Center's bankruptcy estate "does not include . . . any power that the debtor may exercise solely for the benefit of an entity other than the debtor." 11 U.S.C. § 541(b)(1). It is undisputable that Defendants diverted to BFG the SNT funds that were always the Plaintiffs' and Class Members' property, held by the Center only in trust for Beneficiaries' benefit—ergo, excluded from the Center's bankruptcy estate pursuant to § 541(b)(1). Indeed, the Center acknowledges this fact in its bankruptcy case filings. *See* Debtor's Emergency Motion for Interim and Final Orders Granting (A) Authority to (I) Maintain Trust Bank Accounts and to Continue to Use Existing Business Forms and Checks for Trust Bank Accounts, *In re: The Center for Special Needs Trust Admin., Inc.*, No. 8:24-bk-676-RCT (M.D. Fla. Feb. 9, 2024), ECF No. 18, at 4 ("While the Trust Bank Accounts are titled in

Debtor's name, each of the Trust Bank Accounts hold funds which are trust assets and not property of the estate pursuant to Section 541 of the Bankruptcy Code.").

Thus, the misappropriated SNT funds at the heart of the Class Claims were never the Center's assets, making the Motion incorrect in claiming the Chapter 11 trustee will be marshalling the debtor's assets and that purported loan to BFG is the debtor's primary asset. Mot. at 3, 6. Nor can it be disputed that "[b]ecause the debtor does not own an equitable interest in property he holds in trust for another, that interest is not 'property of the estate.'" *Begier v. I.R.S.*, 496 U.S. 53, 59 (1990). *See also U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 205 (1983) (citing 11 U.S.C. § 541(b)) ("Congress plainly excluded [from the 'bankruptcy estate'] property of others held by the debtor in trust at the time of the filing of the petition."); *In re SOL, LLC*, 419 B.R. 498, 505 (Bankr. S.D. Fla. 2009) ("Property that a debtor holds in escrow or trust is not property of the estate under 11 U.S.C. § 541."); *In re Lancon*, No. 00-07759-6B7, 2001 WL 1825792, at *1 (Bankr. M.D. Fla. Feb. 20, 2001) ("[P]roperty held in trust by the debtor at the time of filing a bankruptcy petition is excluded from the bankruptcy estate."); *In re Super Spud, Inc.*, 77 B.R. 930, 931 (Bankr. M.D. Fla. 1987) ("[T]he property held by the bankrupt in trust properly belongs to plaintiff, a trust beneficiary, and never

8

became part of the bankruptcy estate.").[2]

Because the SNT funds were never the Center's property, the misappropriation injured Plaintiffs and Class Members, not the Center, and claims arising from the misappropriation are likewise not "property of the debtor" or "property of the estate." *See In re Chase & Sanborn Corp.*, 813 F.2d 1177, 1182 (11th Cir. 1987) ("[W]e conclude that the funds were not the property of the debtor, and thus that the transfer is not avoidable."); *Steinberg v. Buczynski*, 40 F.3d 890, 893 (7th Cir. 1994) ("When a third party has injured not the bankrupt corporation itself but a creditor of that corporation, the trustee in bankruptcy cannot bring suit against the third party.  He has no interest in the suit."); *Matter of Maple Mortg., Inc.*, 81 F.3d 592, 595 (5th Cir. 1996) (debtor had no interest in property held in trust for another and thus, could not bring claims to recover trust funds for the estate); *In re Safe-T-Brake of S. Fla., Inc.*, 162 B.R. 359, 364 (Bankr. S.D. Fla. 1993) ("[T]he trustee cannot avoid the transfer as the trustee

---

[2] *See also PACA Tr. Creditors of Lenny Perry's Produce, Inc. v. Genecco Produce Inc.*, 913 F.3d 268, 276 (2d Cir. 2019) ("To the extent the disputed assets represent PACA Trust assets, they are held outside the bankruptcy estate[.]"); *In re FirstPay, Inc.*, 773 F.3d 583, 590 (4th Cir. 2014) (quotations and alterations omitted) ("The debtor does not own an equitable interest in property he holds in trust for another, and therefore any such trust property is not the debtor's for purposes of § 547(b)); *In re Foster*, 275 F.3d 924, 926 (10th Cir. 2001) ("Property subject to a trust is not property of the bankruptcy estate."); *In re Omegas Grp., Inc.*, 16 F.3d 1443, 1449 (6th Cir. 1994) ("A debtor that served prior to bankruptcy as trustee of an express trust generally has no right to the assets kept in trust, and the trustee in bankruptcy must fork them over to the beneficiary.").

9

cannot establish that there has been a transfer 'of an interest of the debtor in property' [when] the property transferred is the property of the third party, not of the debtor."); *In re Valerino Constr., Inc.*, 250 B.R. 39, 44–45 (Bankr. W.D.N.Y. 2000) (because funds held by debtor in trust were not "property of the debtor," claims arising from transfer of those funds belonged to trust beneficiaries, not estate); *In re Olympia Holding Corp.*, 221 B.R. 995, 999 (Bankr. M.D. Fla. 1998) ("The defendant is only required to turn over actual 'property of the estate' and something to which the debtor has never been entitled cannot be considered 'property of the estate.'").

    c. **The Center Has No Standing to Bring the Class Claims.**

Indeed, the Class Claims cannot implicate the bankruptcy stay because the Center has no standing to bring them for the Center's general body of creditors. Only claims the debtor has standing to bring can be subject to the automatic bankruptcy stay. *In re Icarus Holding, LLC*, 391 F.3d 1315, 1319 (11th Cir. 2004).

"[F]or a [debtor] to have standing to pursue a claim against a third party there must be allegations that the third party injured the bankrupt debtor in some manner that is distinct from the injuries suffered by the debtor estate's creditors." *In re Meridian Asset Mgmt., Inc.*, 296 B.R. 243, 257 (Bankr. N.D. Fla. 2003). Conversely, "when creditors . . . have a claim for injury that is particularized as to them, they are exclusively entitled to pursue that claim, and

10

the bankruptcy trustee is precluded from doing so." *In re Waterford Wedgwood USA, Inc.*, 529 B.R. 599, 603 (Bankr. S.D.N.Y. 2015) (citing *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1093 (2d Cir. 1995)). Claims that "relate solely to the funds taken by [defendants] from specific customers . . . clearly run in favor of the defrauded customers and allege no causes of action that are unique to the estate." *In re Meridian Asset Mgmt., Inc.*, 296 B.R. at 257.

The Center's bankruptcy filings acknowledge that harm flowing from Defendants' conduct and the sham BFG loan is particularized to SNT beneficiaries, *i.e.*, Plaintiffs and Class Members, and that any claims related to that misappropriation would benefit only SNT beneficiaries instead of the Center's general body of creditors. *See* Chapter 11 Case Management Summary, *In re: The Center for Special Needs Trust Admin., Inc.*, No. 8:24-bk-676-RCT (M.D. Fla. Feb. 9, 2024), ECF No. 7, at 3 (emphasis added) ("[T]he bankruptcy filing provides The Center a means to provide all beneficiaries with notice of the transfer of $100 million to BFG, while simultaneously allowing The Center to pursue the recovery of these funds **for the benefit of beneficiaries**."). Thus, the Center has no standing to bring these claims in bankruptcy and the § 362 stay is of no moment. *See E.F. Hutton & Co. v. Hadley*, 901 F.2d 979, 987 (11th Cir. 1990) ("[Bankruptcy trustee] has conceded that the only claims that he is pursuing in this action are those of a particular segment of customers of the bankrupt GIC.

11

Under these peculiar facts, there simply is no basis for standing.").

The Class Claims relate solely to funds taken by or with the assistance of Defendants from the Plaintiffs' and Class Members' specific SNTs, rather than seeking repayment of the purported loan to BFG. Mot. at 8. The Class Action Complaint and now the Amended Class Action Complaint do not seek to enforce the purported loan documents and instead allege that those documents are a sham. Defendants' conduct at issue caused the misappropriation only of SNT assets belonging to Plaintiffs and Class Members. Thus, that conduct injured only Plaintiffs and Class Members, who are the Center's creditors, not the Center or its other non-SNT creditors which again, have no interest in the SNT funds.  The Center "cannot circumvent the standing requirement simply by imputing this injury to the [Center]" to "prevent [Beneficiaries] from asserting individual actions on their own behalf." *Hirsch v. Arthur Andersen & Co.*, 178 B.R. 40, 44 (D. Conn. 1994), *aff'd*, 72 F.3d 1085 (2d Cir. 1995).

That the Center may also bear responsibility for the $100,000,000.00 taken from Plaintiffs' and Class Members' SNT accounts does not mean this Action brings claims against the Center, or that the Class Claims belong to the Center. Rather, "[t]he Supreme Court has viewed this prospect of conflict of interest as *strongly militating against* [the Center's] standing" to bring claims arising from that scheme, which would render the automatic stay inapplicable. *Hirsch*, 178

B.R. at 44 (citing *Caplin v. Marine Midland Grace Trust Co. of New York,* 406 U.S. 416, 431–32 (1972)) (emphasis added).  Any relief Plaintiffs and Class Members might seek from the Center would be sought via claims within the bankruptcy case.

Finally, the Motion is completely conclusory in claiming that any of the claims are derivative so as to be impacted by the automatic stay. Mot. at 7-8. Again, the Class Action Complaint and Amended Class Action Complaint do not seek repayment of the purported BFG loan under a breach of contract theory and Plaintiffs and Class Members own their claims to recover the misappropriated SNT assets.

### IV.   Conclusion

Having failed to present any legal or factual basis for this Court to stay the Action, Plaintiffs respectfully request the Court deny the Motion.

Dated: April 8, 2024                                        Respectfully submitted.

By: *Jonathan M. Streisfeld*
Jeff Ostrow FBN 121452
David L. Ferguson FBN 981737
Jonathan M. Streisfeld FBN 117447
Caroline Herter FBN 1035444
**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Telephone: 954-525-4100
ostrow@kolawyers.com

13

ferguson@kolawyers.com
streisfeld@kolawyers.com

and

Thomas H. Leeder FBN: 746401
Andrew R. Smith FBN: 107083
**LEEDER LAW**
8551 West Sunrise Blvd. | Ste. 202
Plantation, FL 33322
Telephone: (954) 734-2382
pleadings@leederlaw.com

*Attorneys for Plaintiffs and the Putative Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on this 8th day of April, 2024.

By: */s/ Jonathan M. Streisfeld*
JONATHAN M. STREISFELD