UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLARK CHAMBERLIN, by and through TODD and KELLI CHAMBERLIN, *on behalf of themselves and all others similarly situated,*

    Plaintiffs,

v.

BOSTON FINANCE GROUP, LLC, et al.

    Defendants.

Case No. 24-cv-00438

**DEFENDANT AMERICAN MOMENTUM BANK'S RESPONSE TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO MOTION TO DISMISS**

Defendant American Momentum Bank ("AMB") files this brief Response to Plaintiffs' Motion for Extension of Time to File Response to American Momentum Bank's Motion to Dismiss (Dkt. 52, hereafter "Extension Motion").

Plaintiffs have had seventy-nine days to plead cognizable claims against American Momentum. Plaintiffs have had more than fifty days to address the deficiencies identified by AMB as to the claims asserted against it. But Plaintiffs' Amended Class Action Complaint still runs headlong into bedrock principles of banking and fiduciary duty law that render Plaintiffs' claims against AMB implausible. As a matter of fairness, AMB is entitled to be dismissed without further delay. Plaintiffs do not need more time. Plaintiffs need to focus on viable causes of action against proper defendants.

## Factual Background

Plaintiffs filed their Original Class Action Complaint on February 19, 2024. Dkt. 1. AMB timely moved to dismiss the claims against it on March 14, 2024. Dkt. 15. AMB explained in its motion that AMB did not owe Plaintiffs, non-customers, any duty, fiduciary or otherwise, and that AMB did not owe anyone a duty to investigate transactions made by authorized individuals. *Id.* at 3-14. Moreover, Plaintiffs did not plausibly allege that AMB had actual knowledge of any of the alleged breaches of fiduciary duty committed by the actual wrongdoers in this case. *Id.* at 14-17.

On April 4, rather than responding to AMB's motion to dismiss, Plaintiffs filed an amended complaint. Dkt. 33. Less than two weeks later, AMB filed another timely motion to dismiss. Dkt. 39. AMB explained in its second motion to dismiss that while Plaintiffs' amended complaint went to great lengths in its attempt both to manufacture a fiduciary relationship between Plaintiffs and AMB and to suggest that AMB had actual knowledge of the alleged misappropriations at issue, Plaintiffs allegations against AMB remained both implausible on their face and legally inadequate to state a claim. *See generally id.*

While this case has been pending, the Chapter 11 Trustee has filed an adversary proceeding asserting claims against two of the defendants here: Boston Finance Group, LLC and Leo J. Govoni.[1] The Chapter 11 Trustee also filed, in the main

---

[1] *See* Case No. 8:24-ap-00139-RCT; *Michael Goldberg, as Chapter 11 Trustee of the estate of Debtor, The Center for Special Needs Trust Administration, Inc. v. Boston Finance Group, LLC and Leo J. Govoni*; in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division.

bankruptcy case for The Center for Special Needs Trust Administration, Inc. (the "Center" or the "Debtor"), a Motion to Enforce Automatic Stay. *See* Bkr. Dkt. 195[2]; Dkt. 51. In the Motion to Enforce Automatic Stay, the Chapter 11 Trustee seeks to stay this action and another putative class action filed on behalf of beneficiaries of trusts of which the Debtor was the trustee. The Motion to Enforce Automatic Stay is set for hearing on May 14, 2024. *See* Bkr. Dkt. 198.

## Argument

Plaintiffs have again attempted to delay AMB's inevitable dismissal from this case by requesting an extension of time to respond to AMB's second motion to dismiss. Dkt. 52. As an initial matter, it is worth noting that while AMB filed its second motion to dismiss within *14 days* of Plaintiffs filing their amended complaint, as required by Federal Rule of Civil Procedure 15(a)(3), Plaintiffs now seek to extend the already generous *21 days* that this Court's local rules have given them to respond. *See* M.D. Fla. L.R. 3.01(c). More importantly, the legal arguments in AMB's second motion to dismiss are substantially similar to those made in AMB's original motion to dismiss, which was filed *fifty-five days* before Plaintiffs' response is currently due.[3] Plaintiffs have had more than enough time to respond to AMB's motion to dismiss—AMB should not have to wait any longer to be dismissed. The very existence of Plaintiffs'

---

[2] "Bkr. Dkt." refers to documents filed in Case 8:24-bk-00676-RCT, *In re The Center for Special Needs Trust Administration*; in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division.
[3] AMB filed its Motion to Dismiss (Dkt. 39) on April 17, 2024. Thus, Plaintiffs' deadline to respond is Wednesday, May 8, 2024, not May 9, 2024 as suggested in Plaintiffs' Extension Motion.

unsubstantiated claims against AMB has material reputational and financial repercussions that, as a matter of fairness, should not be visited on AMB any longer than necessary.

Plaintiffs' excuse for filing their Extension Motion is that the Chapter 11 Trustee of the Debtor's bankruptcy estate has filed its Motion to Enforce Automatic Stay. *See* Dkt. 52 at 4. Plaintiffs claim that they "oppose the Stay Motion" but that "in an abundance of caution and to avoid any potential violation of the automatic bankruptcy stay before the matter is decided, Plaintiffs request an extension of time to file their response to American Momentum Bank's Motion to Dismiss pending a ruling on the Stay Motion." *Id.* at 4-5.

While the Court would be justified in delaying a *ruling* on the motion to dismiss until after the stay issues have been addressed, it should not afford Plaintiffs more time. After all, Plaintiffs' newfound concern for the automatic stay rings hollow. Plaintiffs filed this case *ten days* after the bankruptcy case was filed. The very same day the Debtor filed its Chapter 11 Petition, it also filed its Chapter 11 Case Management Summary describing its "most significant assets" as "litigation claims and claims for repayment of the note payable from BFG." Bkr. Dkt. 7 a 11. The Debtor expressly asserted "significant claims against Leo Giovani [sic], BFG, and other affiliated entities." *Id.* Plaintiffs, overwhelmingly, borrowed from the Debtor's bankruptcy filings to pursue the *exact* claims the Debtor was asserting. It thus, is not particularly likely that Plaintiffs are actually acting out of "an abundance of caution." Far more likely, Plaintiffs recognize the Chapter 11 Trustee's Motion as their last best hope for

getting a stay of execution as to claims against AMB. Very simply, this is no reason to afford Plaintiffs more time.

Additionally, and as articulated in American Momentum's Response to the Govoni Defendants' Motion to Stay filed in this case (Dkt. 36), AMB finds itself in a materially different position than *any other defendant*. Specifically, the Chapter 11 Trustee has already filed suit against Defendants Boston Finance Group, LLC and Leo J. Govoni for breach of loan documents warranting a recovery of $142,283,314. Bkr. Dkt. 195 at 2. In that suit, the Chapter 11 Trustee only pursued claims based on breach of Loan Documents, reserving the right to assert "any additional claims for relief against the BFG and Govoni" as well as "other entities owned and/or controlled by Govoni via substantive consolidation, adverse domination, veil piercing, alter ego, or any other theory as allowed by law or equity." *See* Adv. Dkt. 1 at 12-13 n.1.[4]

By contrast, neither the Debtor nor the Chapter 11 Trustee has asserted or intimated the existence of any claims against AMB. In fact, shortly after filing its Chapter 11 Petition, the Debtor actually sought permission to keep the AMB "trust bank accounts in place to avoid disruption in its core service of making trust distributions for the benefit [of] the beneficiaries." Bkr. Dkt. 18 at 2. The Debtor's pre-petition investigation did not give rise to any suggestion that AMB was complicit or otherwise at fault for the missing funds that gave rise to the Debtor's bankruptcy.

---

[4] "Adv. Dkt." refers to documents filed in Case 8:24-ap-0013-RCT, *Michael Goldberg, as Chapter 11 Trustee of the estate of Debtor, The Center for Special Needs Trust Administration, Inc. v. Boston Finance Group, LLC and Leo J. Govoni*; in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division.

To be sure, the Chapter 11 Trustee must conduct his own investigation and follow where it leads. But dismissing Plaintiffs' claims against AMB will not have any prejudicial effect on the Chapter 11 Trustee or otherwise compromise any rights the Trustee may exercise on behalf of the estate. Given the complete absence of claims against American Momentum Bank (other than Plaintiffs', which are not cognizable as a matter of law), dismissing Plaintiffs' claims against it would not operate to the prejudice of any other party.

Ultimately, the Court may want to delay *ruling* on American Momentum Bank's Motion to Dismiss until hearing from Judge Colton on the Chapter 11 Trustee's Motion. AMB intends to file a limited objection to the Trustee's Motion requesting that this Court be permitted to proceed with respect to AMB's motion to dismiss. But there is no real reason to extend Plaintiffs' response deadline. This issue should be fully briefed by the parties while the subject is fresh. Delay would only result in additional expense, and nothing would be gained.

Accordingly, the Court should deny Plaintiff's Extension Motion so that the motion to dismiss can be fully briefed and ripe for resolution when Judge Colton addresses the stay issues set for hearing next week.

## Conclusion

For the foregoing reasons, the Court should deny Plaintiffs' Motion for Extension of Time to File Response to American Momentum Bank's Motion to Dismiss.

Dated: May 8, 2024

Respectfully submitted,

**BECK REDDEN LLP**

By:  /s/ *Marcos Rosales*
 Marcos Rosales
 TX Bar No. 24074979
 (Special Admission)
 mrosales@beckredden.com
 1221 McKinney, Suite 4500
 Houston, TX  77010-2010
 Tel: (713) 951-3700

**LEAD COUNSEL FOR DEFENDANT AMERICAN MOMENTUM BANK**

**COUNSEL FOR DEFENDANT AMERICAN MOMENTUM BANK:**

BECK REDDEN LLP
Cassandra R. Maneen
TX Bar No. 24120989
(Special Admission)
cmaneen@beckredden.com
Bennett J. Ostdiek
TX Bar No. 24122056
(Special Admission)
bostdiek@beckredden.com
1221 McKinney Street, Suite 4500
Houston, TX 77010
Telephone:  (713) 951-3700
Facsimile:  (713) 951-3720

CARLTON FIELDS, PA
Donald R. Kirk
FL Bar No. 105767
dkirk@carltonfields.com
4221 W Boy Scout Boulevard, Suite 1000
Tampa, FL 33607

7

Telephone:  (813) 229-4334
Facsimile:   (813) 229-4133

Charles W. Throckmorton
FL Bar No. 101203
cthrockmorton@carltonfields.com
700 NW 1st Avenue, Suite 1200
Miami, FL 33136
Telephone:  (305) 530-0050
Facsimile:   (305) 530-0055

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record on May 8, 2024 via CM/ECF.

*/s/ Marcos Rosales*
MARCOS ROSALES